IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFREY L. SMITH, et al.,

    PLAINTIFFS,

vs.                                                               CASE NO. CV 12-J-3493-S

BIRMINGHAM WATER WORKS,
et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

Pending before the court is the second motion to dismiss of defendant Darryl Davis (doc. 36), a brief in support of said motion (doc. 37), a motion to dismiss Count I of the third amended complaint by the Water Works Board of the City of Birmingham ("BWWB"), and BWWB individual employees, sued in both their official capacity and individually[1] (doc. 40) and a brief in support of that motion (docs. 40-1). Plaintiffs[2] have filed a response to the BWWB defendants (doc. 47) and a response to defendant Davis' motion to dismiss (doc. 52).

---

[1] The individual defendants filing this motion are Jeff Standridge, Jeff Jenkins, Keith Watt, Reginald Nall, Mac Underwood, and Paul Lloyd. The court shall collectively refer to them as "the BWWB defendants."

[2] Plaintiff Chris Dodson has obtain separate counsel and therefore the plaintiffs' responses do not include him. Plaintiff Dodson has requested additional time to respond to said motion, which the court granted (doc. 50).

**FACTUAL BACKGROUND**

The court extensively set forth the relevant facts of this case in its opinion of January 23, 2013 (doc. 32) and adopts the same here, as if set out in full. Based on those facts, in their third amended complaint the plaintiffs state claims for due process violations pursuant to 42 U.S.C. § 1983 against the BWWB (Count I); retaliation for protected speech pursuant to 42 U.S.C. §1983 against all defendants (Count II); prevention of free speech against all defendants (Count III); and tortious interference[3] (Count IV).

**STANDARD OF REVIEW**

In considering a motion to dismiss, the court must construe "the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). *See also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 735 (11th Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41,

---

[3]Although nor discernable from the Third Amended Complaint, the plaintiffs previously dismissed their tortious interference claim against defendant BWWB. As such, the court finds that the plaintiffs only bring this claim against the individual defendants, in their individual capacities.

45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

To satisfy the pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.

## LEGAL ANALYSIS

*1. Plaintiffs' Due Process Clause violation allegations pursuant to 42 U.S.C. § 1983 against defendant BWWB and the BWWB defendants in their individual and official capacities*:[4]

The BWWB defendants assert that the plaintiffs had no property rights in their employment with the BWWB as asserted in Count I of the third amended complaint. BWWB defendants' memorandum, at 5. The plaintiffs respond that they do not dispute that Alabama is an "at will" employment state nor that whether someone is an "at will employee" is determined by state law. Plaintiffs' response, at 5. However,

---

[4]This claim is not brought against defendant Davis.

the plaintiffs argue that because they were terminated for "cause," they ceased being "at will" employees.

According to the plaintiffs, the understanding of the parties at the time of the employer/employee relationship is unimportant. Rather, pursuant to the plaintiffs' argument, the court must look to the manner of termination of the at-will employee to determine whether due process was violated. In other words, the plaintiffs argue that because plaintiffs were given a reason for their terminations, a property interest was created in their jobs at that moment. *See* plaintiffs' response (doc. 47), at 7 ("...there is no dispute that Plaintiffs could initially be considered employees "at will" as defined by Alabama case law prior to the meeting which resulted in their termination. However, Defendant Birmingham Water Works created a "for cause" relationship when Birmingham Water Works made the decision to (1) conduct a hearing in that Birmingham Water Works notified the Plaintiffs that they needed to talk to them individually, and (2) brought them into a closed room and in turn interrogated them regarding alleged criminal misconduct.")(underlining in original). Thus, according to plaintiffs' argument, any time a public employer learns of theft by an employee and decides to investigate it, a property interest in the employee's job is created by that very investigation. As noted by defendants, the plaintiffs cite no legal authority for this novel view of Alabama employment law. Defendants'

memorandum, at 7-8.

The plaintiffs assert that *Long v. Water Works and Sewer Bd. of City of Gadsden*, 487 So.2d 931 (Ala.Civ.App.1986), supports their position. In that case, a unionized employee was terminated for falsifying meter readings. *Id.*, at 933, 934. As noted by the Alabama Court of Civil Appeals, "the union represented Long at every stage of the proceedings and the Board had no contract with the union." *Id.*, at 934. The court then states that

> Long contends that pursuant to an employee handbook (not in the record) he enjoyed permanent status as a municipal employee and had a property right in continued employment. ***Assuming for the sake of argument*** that Long did have a property interest in continued employment, we conclude that he was afforded due process.

*Id*. (emphasis added). In no manner does *Long* suggest that a court look at the time of termination to determine whether an employee had a property interest in his or her job. It most certainly does not conclude that "Given the actions taken by the Gadsden Water Works Board in allowing all of the necessary procedures afforded under the Due Process Clause, a 'Due Process' relationship was established."[5] Plaintiffs' memorandum at 5-6.

The case of *Douglas v. Evans*, 916 F.Supp. 1539 (M.D.Ala.1996), does nothing

---

[5] Of course, even if *Long* did stand for this proposition, the same would be of no assistance to the plaintiffs, as they do not allege that the BWWB allowed "all of the necessary procedures afforded under the Due Process Clause..."

5

to help the plaintiffs here. In that case, the court noted that

> "[a] public employee enjoys a property interest in his [or her] employment only if he [or she] has an expectation of continued employment created by legislation, contract, or policy." *Lassiter v. Covington*, 861 F.2d 680, 682 (11th Cir.1988) (citing *Board of Regents v. Roth,* 408 U.S. 564, 577–78, 92 S.Ct. 2701, 2709–10, 33 L.Ed.2d 548 (1972)). There must be a state statute or ordinance that creates a public employment contract, or there must be some clear practice or mutual understanding that an employee can be terminated or transferred only for "cause." *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). If the employee holds his position only at the "will" of the employer, there is no property interest in continued employment. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

*Douglas,* 916 F.Supp. at 1547. The court concluded that the plaintiff in that case, although a merit system employee, had no proper interest in her job. *Id.*, at 1548. Rather, "the law is clear that a prospective promotion or recommendation for a promotion does not give rise to a property or liberty interest, even for a tenured employee." *Id.*, citing *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1486 (11th Cir.1992), *cert. denied*, 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993); *Wu v. Thomas*, 847 F.2d 1480, 1485 (11th Cir.1988), cert. denied, 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 156 (1989).

Also of no assistance to plaintiffs is *Mills v. City of Phenix City, Ala*., 2012 WL 2887933 (M.D.Ala.2012). There, the Middle District of Alabama held that the plaintiff, a public employee, had no property interest in her job, and was terminable

6

at-will. *Id.*, * 3. The court recognized that

> an employee need not have an explicit contract to move into the realm of for-cause employment. Alabama cases establish that, in certain circumstances, an employee handbook may vest property rights in employment. *Hoffman–LaRoche, Inc., v. Campbell*, 512 So.2d 725, 735 (Ala.1987) (holding that "the language contained in a handbook can be sufficient to constitute an offer to create a binding unilateral contract"). But these cases are inapposite when the handbook expressly avows that it does not create a property interest in employment. *Id.* at 734 (commenting that "if the employer does not wish the policies contained in an employee handbook to be construed as an offer for a unilateral contract, he is free to so state in the handbook"). Whether employee handbooks or other employee rules constitute a binding contract is a question of law to be decided by the court. *Campisi v. Scoles Cadillac, Inc.*, 611 So.2d 296, 298–99 (Ala.1992).

*Id.*, * 4. At no point did that court suggest that one must look to the moment of termination to decide if property rights attached because a reason for termination was given.

Because the court finds no legal support and no merit to the plaintiffs' claim that they had a property interest in their jobs, instantly created at the moment of their terminations, there can be no due process violation in terminating the plaintiffs without notice and hearing. As such, the court is of the opinion that Count I of the plaintiffs' third amended complaint is due to be dismissed and shall grant the BWWB defendants' motion (doc. 40) for the same by separate Order. Because the court finds this ruling will be dispositive of Count I as to all plaintiffs except Chris Dodson, the

court does not reach defendants' other arguments as to why this Count is due to be dismissed.

    *2. Defendant Davis' Second Motion to Dismiss (doc. 37):*

        a. *Count I*: Defendant Davis recognizes that Count I was not asserted against him.

        b. *Count II*: Defendant Davis argues that the plaintiffs have not alleged that he was a decision maker with respect to their retaliatory discharge claim. Davis brief (doc. 37) at 7. The plaintiffs respond that defendant Davis was the "mastermind, driving force and proximate cause of Plaintiffs' termination." Plaintiffs' response (doc. 52), at 9.

The plaintiffs repeatedly allege that defendant Davis threatened the plaintiffs with termination if they revealed his padding of paychecks. *See e.g.*, Third Amended Complaint, ¶¶ 23, 29-33. In its January 2013 memorandum opinion, the court discussed the elements of a First Amendment retaliatory discharge claim, but the same bear repeating here. The four part test was set out in *Bryson v. City of Waycross*, 888 F.2d 1562 (11th Cir.1989). The *Bryson* test examines: "(1) whether the employee's speech involves a matter of public concern, (2) whether the employee's interest in speaking outweighs the government's legitimate interest in efficient public service, (3) whether the speech played a substantial part in the government's

challenged employment decision, and (4) whether the government would have made the same employment decision in the absence of the protected conduct." *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1563 (11th Cir.1995) (citing *Bryson*, 888 F.2d at 1565–66). Because the court has already considered the alleged facts of this case under this test, the same analysis will not be repeated here. Rather, the court adopts its rational in the January 2013 memorandum opinion as if set out in full here and reaches the same conclusion. See Memorandum Opinion of January 23, 2013 (doc. 32), at 9-12.

According to defendant Davis, because the plaintiffs "allege only that defendant Davis threatened their employment, not that he played any part in the actual discharge determination" (defendant Davis' brief at 8), he asserts he can have no liability on this claim. However, as the court previous stated, the final two elements of the *Bryson* test, whether "the speech played a substantial part in the government's challenged employment decision;" and whether "the government would have made the same employment decision in the absence of the protected conduct" are questions of fact. As this issue is before the court on a motion to dismiss, the court takes the allegations of the amended complaint as true. In that light, the plaintiffs clearly assert they were terminated in return for speaking up about Davis' corrupt activities. The court has no evidence before it as to whether defendant Davis played any role in the

termination decisions or not.  Thus at this stage of the pleadings, defendant Davis' motion to dismiss the plaintiffs' claims for retaliation for First Amendment free speech must be denied.

### c. Count III:

Plaintiffs assert in Count III of the Third Amended Complaint that the defendants suppressed their right of free speech.  Defendant Davis claims that plaintiffs "Have Failed to Demonstrate that Defendant Davis Took an 'Adverse Employment Action' Against Them...."  Davis brief (doc. 37) at 9.  As this case is before the court on a motion to dismiss, the court observes that the plaintiffs have had no obligation to demonstrate anything as of yet.  Rather, the court considers the allegations of the complaint as true.  Like Davis' previous grounds to dismiss, *infra,* the court addressed this very claim in this context in January 2013.  The court found

> .... Here, the plaintiffs allege that their own supervisors either would not listen to them, or told them to keep quiet.  Specifically, the plaintiffs allege that Davis told each of them to "keep your mouths shut," and other supervisors followed Davis' lead. *See e.g.*, amended complaint at 11 (where plaintiffs allege they reported defendant Davis' actions to defendants Lloyd and Nall, who both informed plaintiffs they would side with Davis); plaintiffs' response, at 17 (stating supervisors made comments such as "he will believe his supervisors over other employees," "if you go around me your ass will be out the door," and "I will back my supervisors").
>
> In *Garcetti*, the Supreme Court noted that exposing "governmental ... misconduct is a matter of considerable significant."

*Garcetti v. Ceballos,* 547 U.S. 410, 425, 126 S.Ct. 1951, 1962 (2006). The Court continued:

> public employers should, "as a matter of good judgment," be "receptive to constructive criticism offered by their employees." [*Connick*,] 461 U.S., at 149, 103 S.Ct. 1684. The dictates of sound judgment are reinforced by the powerful network of legislative enactments—such as whistle-blower protection laws and labor codes—available to those who seek to expose wrongdoing. *See, e.g.*, 5 U.S.C. § 2302(b)(8); Cal. Govt.Code Ann. § 8547.8 (West 2005); Cal. Lab.Code Ann. § 1102.5 (West Supp.2006) .... These imperatives, as well as obligations arising from any other applicable constitutional provisions and mandates of the criminal and civil laws, protect employees and provide checks on supervisors who would order unlawful or otherwise inappropriate actions.

*Garcetti*, 547 U.S. at 425-426, 126 S.Ct. at 1962.  *See also Oladeinde v. City of Birmingham,* 230 F.3d 1275, 1292 (11th Cir.2000).

With this instruction from the Supreme Court, the court is of the opinion that the BWWB defendants' motion to dismiss and defendant Davis' motion to dismiss Count III of the amended complaint are due to be denied at this time.

January 23, 2012, Memorandum Opinion (doc. 32) at 13-15.

Defendant Davis' grounds for seeking dismissal of this claim are heavily based in factual development, of which the court has none.  The court shall deny defendant Davis' motion on this ground without prejudice to his right to raise the same in an appropriately timed motion for summary judgment.

    d. Count IV:

11

In their complaint, the plaintiffs allege they reported defendant Davis' unlawful actions and subsequently lost their jobs, which had a detrimental impact on their professional careers. Third Amended Complaint, ¶ 63, p. 19. As set forth by the court in its January 2013 opinion, the following elements must be shown "by substantial evidence" to establish a prima facie case of tortious interference with business relations: "(1) the existence of a protectible business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage." *White Sands Group, L.L.C. v. PRS II, L.L.C.,* 32 So.3d 5, 14 (Ala.2009).

At this time, the court cannot discern whether the plaintiffs are alleging that the defendant supervisors were acting on behalf of their employer or outside the scope of their authority, and/or acting with actual malice. *See e.g., Henderson v. Early*, 555 So.2d 130, 131-132 (Ala.1989). Those are matters of fact, which the court does not have before it at this time. Because this claim is before the court on a motion to dismiss, the court shall deny defendant Davis' motion to dismiss on this claim.

## CONCLUSION

Having considered the foregoing, the court shall enter the following rulings:

1. The BWWB defendants' motion to dismiss Count I of the Third Amended Complaint be and hereby is **GRANTED.** All plaintiffs' claims for violation of their

Due Process rights against the BWWB defendants are **DISMISSED WITH PREJUDICE**, except for plaintiff Dodson's, which remains pending.

2. Defendant Davis' second motion to dismiss (doc. 36) is **DENIED**.

The court shall enter a separate Order in accordance with these rulings.

**DONE** this the 6th day of March, 2013.

                                      INGE PRYTZ JOHNSON
                                      SENIOR U.S. DISTRICT JUDGE